Hunter *vs.* Blackman.

grown upon the plantation described in the act of privilege, his claim will be rejected. Neither privileges, nor the evidence in support of them, will be extended by implication.

APPEAL from the District Court for Terrebonne.    BEATTIE, J.

*Rightor* for Third Opponents, Appellants.    *Goode & Winder* for Plaintiffs, Appellees.

No. 6678.

ROBERT A. HUNTER vs. W. F. BLACKMAN.

In a suit for a judicial office where the investigation is confined to the *prima facie* case and the plaintiff admits that the defendant had been returned by the Board of Canvassers, and the law constituting that Board enacted that the return made by it shall be *prima facie* evidence of the election of the candidate returned by it, such admission concedes the *prima facie* case to be with the defendant, and there is no other issue to be decided.

When both claimants present commissions for the office, and the question of right depends solely and exclusively upon the commissions, the latest in date will be presumed to confer the better right.

Hunter *vs.* Blackman.

APPEAL from the District Court for Rapides. The Parish Judge acting.

The Plaintiff in *pp.* *White* for Defendant.

The plaintiff, claiming to have been elected judge of the Ninth District in November, 1876, took this rule under Act No. 39, approved March 5th, 1873, which regulates proceedings in suits for judicial offices, in which he alleges that the Returning Board, of which J. M. Wells was President, had returned him as elected, and W. P. Kellogg had commissioned him on December 9, 1876, and he had qualified shortly thereafter, but that the defendant had taken possession of the office by violence, and was illegally usurping its functions. The defendant peremptorily excepted on the ground that the Act above mentioned had been repealed by the laws of January 8th, and March 1, 1877, and reserving the exception, answered, admitting his occupancy of the office, and alleged that he had been elected thereto and not the plaintiff, and had been so declared by the Board of Canvassers constituted under the above first Act, and that he had been commissioned by Governor Nicholls.

Thereupon the plaintiff moved the court to strike out that part of the defendant's answer wherein he alleges that he was elected by the majority of the votes cast, for the reason that the Act, under which the rule is taken, does not permit any issue of fact, but simply which claimant has a *prima facie* right to the office. This motion was sustained. The defendant had judgment below from which the plaintiff has appealed.

After stating the case: —

SPENCER, J. The suit was upon motion of plaintiff himself confined to the *prima facie* case. On trial plaintiff admitted that the Board of Canvassers, organized under said Act, No. 1 of 1877, had returned and declared the defendant duly elected judge of the Ninth District. Thereby he admitted that the *prima facie* case was with the defendant, for the third section of the Act of January 8, 1877, provides " that the canvass and return made by the Board herein constituted shall be *prima facie* evidence of the election of the candidate returned by them."

The terms of this Act are imperative and make the return of this Board of Canvassers "*prima facie* evidence of the election " of the defendant who was returned by it.   So far as Act 39 of 1873 establishes any contrary or different presumption, it is repealed by Act 1 of 1877, which declares " that all laws and parts of laws contrary to and inconsistent with this Act be, and the same are hereby repealed."

Under the view we have taken, we do not deem it necessary to pass upon the questions raised, as to whether said Act 39 is constitutional nor as to the extent to which it has been repealed by Acts 1 and 24 of 1877, nor as to the prescription of plaintiff 's action which has been pleaded in this court.   It suffices to say that under plaintiff 's own admissions, and under his own view of Act 39, the *prima facie* case is clearly with the defendant.

Besides, if the question depended solely upon the two commissions offered in evidence in this case, in the absence of proof to the contrary the presumption is in favor of that bearing the latest date, the rule being that a sworn public officer like the Governor, must be supposed, until the contrary is shown, to have properly discharged his duty.   See 16 A. 438 ; 19 A. 210.

If the plaintiff has any rights to said office, not barred by prescription, he may yet assert them by some proper proceedings, under which the merits can be tried, as we understand the judgment appealed from to be simply one of dismissal, operating as a non-suit.

*Judgment affirmed.*